EASTERN DIST.
March, 1835.

PHILLIPS
vs.
NEWTON & CO.

---

### PHILLIPS vs. NEWTON & CO.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS,

Where acceptors of bills, on a condition to pay when certain other bills placed in their hands in the 'Mexican government, were collected, are sued on the acceptance : *Held*, that their liability depended on the fact of collection, or the want of that dilligence, which, as faithful agents, they were bound to use ; *held* also, that when the evidence is such as to induce the jury to believe the acceptors profited or were benefited by the use of the Mexican bills, or that they were collected or used by the agent of the defendants, for his own purpose, the verdict of the jury for the plaintiff will stand.

This is an action against the firm of Newton & Co. as acceptors of two drafts, one drawn by G. Pollitt & Co. for five hundred dollars, and the other by Sterne & Co. for three hundred and fifty dollars forty-six cents ; these drafts were drawn, payable *on the receipt of the proceeds* of another draft put into the hands of Newton & Co. for collection, by the drawers, and accepted accordingly.

The draft alluded to is described ·in the following receipt : "Received of Messrs G. Pollitt & Co. General Teran's draft on the custom-house at Matamoros, for one thousand three hundred and seventy dollars, bearing date the 8th November, the proceeds of which shall be placed to their account.

P. S. NEWTON & Co.

*November 25th,* 1831."

*Newton* pleaded the general issue. In answer to interrogatories, he said no part of the draft had been collected or received by either of the members of his firm, although he went himself in the month of May, 1832, to Matamoros to collect it. This part of the answer was objected to as uncalled for, but was suffered to go to the jury with the entire answer. The depositions and testimony of several witnesses were taken and read to the jury. After argument and explanations of the counsel, the jury returned a verdict for the plaintiff, allowing him the amount of his claim. From judgment rendered thereon, the defendants appealed.

*Preston,* for the plaintiff.

*Hoffman, contra.*

*Mathews, J.,* delivered the opinion of the court.

The plaintiff sues as holder of two several bills of exchange one drawn by Pollitt & Co., and the other by A. Sterne, on the defendants and by them accepted, amounting together to the sum of eight hundred and fifty-three dollars, forty-six cents. The cause was tried by a jury in the court below, who brought in a verdict in favor of the plaintiff, for the whole amount claimed, on which judgment was rendered, and the defendants appealed.

These bills were made payable conditionally, in the event that the defendants should collect the amount of certain other bills on the government of Mexico, payable at the custom-house in Matamoros, the property of the persons who drew those accepted by the defendants.

Their liability to fulfil the obligation created by the acceptances now sued on, depends on two circumstances :

EASTERN DIST.
*March*, 1835.

PHILLIPS
*vs.*
NEWTON & CO.

Where acceptors of bills, on a condition to pay when certain other bills placed in their hands, on the Mexican government, were collected, are sued on the acceptance: *Held*, that their liability depended on the fact of collection, or the want of that diligence, which as faithful agents, they were bound to use; *held* also, that when the evidence is such as to induce the jury to believe the acceptors profited, or were benefited by the use of the Mexican bills, or that they were collected or used by the agent of the defendants, for his own purpose, the verdict of the jury for the plaintiff will stand.

1st. That they did collect the money on the bills which were put into their hands for collection; or, 2d. That they did not take such measures to have it collected, which as faithful agents, might be required of them. Interrogatories were put to them by the plaintiff in relation to those bills, and in the answers to those interrogations, made by P. S. Newton, he denies that the drafts sent to his house were ever collected, although due diligence was used to make collection. An exception was made to that part of the answers which has reference to the failure to collect and the use of diligence, the defendants not having been interrogated in relation to those facts. The answers were, however, permitted to go to the jury in *toto*. Several witnesses were examined in the case, and on their testimony the jury found the verdict as above stated. The facts disclosed by these witnesses are such as may have induced the jury to believe that Newton & Co., whether directly collected or not, benefited by the drafts put into their hands for collection to the amount of their value, or that they were collected or used by their agent for his own purpose at the place of payment, notwithstanding the answers of the defendant to the interrogatories, admitted entire, and in either event the defendants are bound to pay the bills sued on. We consider the decision of the cause as depending principally on matters of fact, and do not perceive that they have been improperly found by the jury.

This view of the case renders it unnecessary to inquire into the exception taken by the plaintiff to the admission of the entire answers to his interrogatories, as not being strictly categorical and containing more than proper responses to his questions. Nor do we think the judge *a quo* erred in his charge to the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.